## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **3:18-cr-005-D** |
| | § | |
| **CHRISTOPHER MAURICE DANIELS** | § | |

### MOTION APPEALING THE MAGISTRATE JUDGE'S DETENTION ORDER

TO THE HONORABLE JUDGE SIDNEY FITZWATER:

NOW COMES defendant CHRISTOPHER MAURICE DANIELS, through undersigned

counsel, and moves the Court to revoke the detention order (Doc. 9) and set condition of pretrial

release.  In support, he respectfully submits the following:

On December 12, 2017, the government named Mr. Daniels in a complaint alleging

violation of 18 U.S.C. §922(g)(9)–possession of a firearm by a prohibited person (previously

convicted of a misdemeanor crime of domestic violence).  At his initial appearance on December

12, 2017, Mr. Daniels contested the government's detention motion. The Honorable Magistrate

Judge Paul Stickney presided over a detention hearing on December 15, 2017 and ordered Mr.

Daniels detained pending trial (Doc. 8).  Mr. Daniels has remained in federal custody since his

arrest.  On January 9, 2018, a federal grand jury returned the instant indictment, also for an

alleged violation of 18 U.S.C. §922(g)(9).

Contemporaneously with this pleading, the defense filed a motion to dismiss the

indictment. As set forth in the motion to dismiss, 18 U.S.C. §922(g)(9) does not reach Mr.

Daniels' alleged conduct.  Should the Court grant the defense's motion to dismiss, Mr. Daniels

will have been wrongfully incarcerated. This Court should order Mr. Daniels release pending the

resolution of his motion.

The deprivation of a defendant's liberty prior to the determination of guilt is a serious matter.  Thus, "[i]n our society liberty is the norm, and detention prior to trial...is the carefully limited exception."  U.S. v. Salerno, 481 U.S. 739, 755 (1987). Where, as here, a Magistrate Judge has found such an exception and detained a defendant pretrial, that defendant may appeal the order to the District Court Judge.  18 U.S.C. §3145(b)("a person...ordered detained by a magistrate...may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.")

The statutory basis for determining whether a defendant should have his liberty taken from him before a jury or judge has determined his guilt is found in 18 U.S.C. §3142.  "An individual shall be released pending trial unless a judicial officer finds that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." U.S. v. Foox, 2017 U.S. Dist. LEXIS 11180, *9 (N.D. Tex., Jan. 27, 2017), 3:16-CR-516-D (quoting 18 U.S.C. §3142(e)(1).  "In reviewing a magistrate judge's order, the district courts act *de novo* and makes an independent determination of whether release is proper." U.S. v. Arias, 119 F.3d 2, 3 (5th Cir. 1997)(citing 18 U.S.C. § 3145(a)(1)); U.S. v. Rueben, 974 F.2d 580, 585 (5th Cir. 1992).

This is not a rebuttable presumption case.  Hence, neither the burden of production nor persuasion ever shifted to the defense.  Yet, at the conclusion of the detention hearing, the Court did not explain why it detained Mr. Daniels except to say that "based on the evidence as

presented here today...I do find that he's a danger to the safety of the community."[1]  Similarly,

the written detention order (Doc. 9) does not explain why Mr. Daniels' release would post an

unreasonable risk to the community other than "he unlawfully possessed firearms and attempted

to ship a firearm in his luggage."[2]  Yet a conclusory assertion of a risk to community safety does

not justify this deprivation of Mr. Daniel's freedom.  U.S. v. Montalvo-Murillo, 495 U.S. 711,

729 (1990)("the magnitude of the injury inflicted by pretrial detention requires adherence to

strict procedural safeguards that cannot be sacrificed in the name of community safety.").

        "A determination of a lack of assurance of community safety must be based on clear and

convincing evidence."  U.S. v. Perez, 2005 U.S. Dist. LEXIS 23481, *9 (N.D. Tex., Oct. 13,

2005), 3:05-cr-186-L(08).  That probable cause exists to conclude a prohibited person possessed

one or two firearms is not novel–rather it is a necessary aspect of every single §922(g) case that

has ever passed the scrutiny of a grand jury. And such probable cause is a poor substitute for

clear and convincing evidence of a danger to the community.  Hence, it is difficult to conceive

how possession of otherwise-legal firearms could alone suffice to meet the government's burden

---

[1] The Court specifically ruled that the government had not produced evidence "that he's [Mr. Daniels is] a risk of flight."  The transcript of the detention hearing is enclosed as Exhibit A.

[2] The Court did not mention Mr. Daniels' criminal history in either the oral or written detention order.  Plainly though, his record is far less serious than that of the large majority of 922(g) defendants who have secured pretrial bond because the very large majority of said defendants are felons.  And, in Mr. Daniels' case, the underlying (alleged) predicate offense is nearly eleven years old, which, were he facing sentencing, would be too old to count under the sentencing guidelines.  The entirety of the pretrial report lists seven arrests between 2001 and 2009, of which only three resulted in convictions (all misdemeanors), including the predicate at issue.

in this case.  Were it otherwise, then, at the very minimum, Congress would have added §922(g) to the list of rebuttable presumption offenses.[3]

Nor is the fact that Mr. Daniels "attempted to ship a firearm in his luggage" particularly germane to his danger to the community.  Cursory review of the facts at issue amply demonstrates that, but for an alleged misdemeanor conviction that he sustained nearly eleven years ago, the conduct at issue would be unarguably legal and amounts to nothing more than Mr. Daniels' open compliance with Airline regulations:

> On December 5, 2017, I [the affiant] received correspondence from a representative of the Spirit Airlines Luggage Resolution Department, who provided additional information related to the firearm checked by Daniels. The correspondence contained a screenshot showing traveler claim check #0487720939 was related to a "Type 61" classification, which Spirit categorized as a weapon.  The "Content description" was written as a "Taurus Poly Protector 38 Special +P," which I understand is a .38 caliber handgun.[4]

Hence, per the government's evidence, Mr. Daniels did not attempt to take a firearm into the cabin of the airplane. Nor did he attempt to secrete the firearm, nor otherwise conceal the fact that he intended to travel with it.  Yet the statute governing release conditions is clear: if recognizance or an unsecured bond are insufficient, then release should be subject to the "least restrictive" conditions the judicial officer determines will "reasonably assure" the defendant's appearance and reasonably assure "the safety of any other person and the community."  18

---

[3] See 18 U.S.C. §3142(e)(3).

[4] Criminal Complaint, paragraph 12 (Doc. 1)

U.S.C. § 3142(c)(1)(B).  Any concern over this basis for Mr. Daniels' detention could be resolved by a number of standard release conditions (not to possess firearms or other weapons, not to travel outside of the city absent prior approval, etc.)

The defense now turns to the proverbial elephant in the room–whether and to what extent Mr. Daniels' pretrial detention is motivated by his speech, which is arguably repugnant, yet unarguably protected by the Constitution.  Certainly, the government contended that Mr. Daniels' speech was a basis to detain him; indeed, the government offered no less than six of Mr. Daniels' posts or re-posts on Facebook as exhibits[5] at the detention hearing. It highlighted the posts with corresponding testimony.[6]

Notably, the government's witness for the detention hearing (and case agent) testified on cross-examination that: 1) the government had not recovered any specific evidence of statements by Mr. Daniels, via social media or otherwise, that he would harm a law enforcement officer, and 2) the government had not recovered any evidence of Mr. Daniels specifically directing another individual to cause harm to a law enforcement officer.[7]  Because Mr. Daniels' social media posts are not threats, they are well within his protected speech rights.  See United States v. Carmichael, 326 F.Supp. 2d 1267, 1301 (M.D. Ala.), supplemented, 326 F.Supp. 2d 1303 (M.D. Ala. 2004)(holding a defendant's website with a mock "wanted" poster seeking information about

---

[5]Enclosed as Exhibit B.

[6]Exhibit A, pgs 4-9.

[7]Exhibit A, pgs 15-16.

individuals in his case was "not a serious threat sufficient to warrant a prior restraint on...speech or an imposition on his constitutional right to investigate his case");   <u>Watts v. U.S.</u>, 394 U.S. 705, 706 (1969) (holding that Vietnam war protestor engaged in protected speech when saying "...I have already received my draft classification as 1-A and I have got to report for my physical this Monday coming.  I am not going.  If they ever make me carry a rifle the first man I want to get in my sights is L.B.J."); <u>United States v. O'Dwyer</u>, 443 Fed. Appx 18, 19 (5th Cir. 2011) (upholding the district court's dismissal of an indictment for making threats via interstate communication when defendant sent the following email to a federal employee of the Bankruptcy Court for the Eastern District of Louisiana: "maybe my creditors would benefit from my suicide, but suppose I become 'homicidal'?  Given the recent 'security breach' at 500 Poydras Street, a number of scoundrels might be at risk if I DO become homicidal.")  "Speech is an essential mechanism of democracy, for it is the means to hold officials accountable to the people." <u>Citizen United v. Fed. Electin Comm'n</u>, 558 U.S. 310, 339 (2010).  Mr. Daniels' speech, which falls short of that which would be illegal, ought not be considered as a basis, partial or otherwise, to deprive him of freedom pre-trial. Such consideration violates the First Amendment.

The defense respectfully moves the Court to revoke the detention order in favor of releasing Mr. Daniels on pretrial conditions.

Respectfully submitted,

/s/ John M. Nicholson
JOHN M. NICHOLSON
Assistant Federal Public Defender
Northern District of Texas
Texas Bar No. 24013240
525 Griffin Street, Suite 629
Dallas, Texas  75202
Phone 214-767-2746
john_nicholson@fd.org

## CERTIFICATE OF CONFERENCE

I certify I conferred with AUSA Jennifer Tourje, and confirmed that the government is opposed to this request.

/s/ John M. Nicholson
JOHN M. NICHOLSON

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2018, I electronically filed the foregoing document using the Court's CM/ECF system, thereby providing service on attorneys of record.

/s/ John M. Nicholson
JOHN M. NICHOLSON